# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                               CASE NO. 22-40082-HLT

**EMMILY JANE HENKLE,**

      **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## INTRODUCTION

1. The National Association of Government Employees Local 14-8 ("NAGE 14-8" or "union") was a labor union located within a Federal Enclave, namely, the Colmery-O'Neil Veterans Administration Medical Center ("Medical Center"), located at 2200 Gage Boulevard, Building 5, Room 245C, Topeka, Kansas, 66622. The Medical Center was and is a facility that falls under the territorial jurisdiction of the United States as prescribed by Title 18, United States Code, Section 7. The

Medical Center was the union's only office and was where all business was conducted, and records maintained.

2. NAGE 14-8 represented approximately 90 employees at the Medical Center, who worked in non-professional positions such as administration and food service. NAGE 14-8 members were paid on a bi-weekly basis by the Veterans Administration ("VA") and every pay period $22 was deducted by the VA for their union dues. Dues are sent to NAGE's national office by the VA where the national union's portion of the dues were withheld. NAGE 14-8 received their local portion of members dues ($2.80 per member per month) from NAGE's national office.

3. From at least August 24, 2021, to in or about October 2021, the defendant, Emmily Jane Henkle, served as NAGE 14-8's treasurer. On or about August 26, 2021, Henkle was added to the union's bank accounts. All disbursements from union accounts were made by check. NAGE 14-8's accounts lacked ATM/debit cards and the union lacked credit accounts.

4. On or about October 6, 2021, NAGE 14-8's president discovered, relative to normal operating costs, an unusually large check had been cashed on the union's checking account. Specifically, on or about October 1, 2021, check number 0210, in the amount of $3,079.00, and bearing forged signatures of NAGE 14-8's President Brittany Ford, and former Treasurer Robert Merriman, was negotiated on NAGE 14-8's Azura Credit Union account ending in xxxxxx3697 and made payable to Emmily

Henkle. The check was negotiated for cash and for Henkle's own personal benefit.

# COUNT 1

**THEFT WITHIN SPECIAL MARITIME AND TERRITORIAL JURISDICTION**
**[18 U.S.C. § 661]**

5. Paragraphs 1-4 are incorporated here as if fully restated.

6. On or about October 1, 2021, in the District of Kansas, and within the special maritime and territorial jurisdiction of the United States, that is, the Colmery-O'Neil Veterans Administration Medical Center, the defendant,

**EMMILY JANE HENKLE,**

took and carried away, with the intent to steal and purloin, personal property of a value exceeding $1,000, namely $3,079.00 in union funds from NAGE 14-8.

In violation of Title 18, United States Code, Section 661.

A TRUE BILL.

November 9, 2022                           s/Foreperson
DATE                                       FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Skipper S. Jacobs
Skipper S. Jacobs
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290

Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: skipper.jacobs@usdoj.gov
Ks. S. Ct. No. 26848

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

## Count 1 [18 U.S.C. § 661]

**If the value of the property exceeds $1,000.**

- Punishable by a term of imprisonment of not more than five (5) years imprisonment. 18 U.S.C. § 661.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**In all other cases.**

- Punishable by a term of imprisonment of not more than one (1) year of imprisonment. 18 U.S.C. § 661.

- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $100,000. 18 U.S.C. § 3571(b)(5).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(1)(A)(iii).